# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4249 | **DATE** | October 24, 2011 |
| **CASE TITLE** | Sean Bagato (B-57477) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at Plaintiff's place of confinement to deduct $2.50 from Plaintiff's account, and to continue making deductions in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Dixon Correctional Center, and to issue summonses for the Defendants Coleman, Price, Crawford, Moreci, and Dart. The United States Marshals Service is appointed to serve these Defendants. The other Defendants are dismissed. The clerk shall send to Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Sean Bagato (B-57477), an inmate at the Dixon Correctional Center, has filed this 42 U.S.C. § 1983 against Cook County Jail Sheriff Tom Dart, Daniel Moreci (Superintendent of Division 9), Jail Officers Coleman, Price, and Crawford, and Grievance Officers Lieutenant Martinez and V. Butler, Plaintiff states that, while he was being housed in Division 9 at the jail from December 2009 to October 2010, he was shackled for every trip to court pursuant to a policy enacted by Daniel Moreci and Tom Dart. Plaintiff states that he had to walk over a mile to get to court and that the shackles cut into his ankles and legs. He states that he complained to Officers Coleman, Crawford, and Price each time he was shackled; he would show them scars on his ankles and legs; but the officers ignored his complaints.

Plaintiff's *in forma pauperis* application shows that he is unable to prepay the filing fee. The court thus grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $2.50. The supervisor of inmate trust accounts at the Dixon Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Dixon Correctional Center officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

**STATEMENT (continued)**

This court has conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Given the facts described above, Plaintiff may proceed with his claims against Tom Dart, Daniel Moreci, and Officers Coleman, Crawford, and Price. Plaintiff states that he informed these Defendants that the manner by which his legs were shackled before his mile-long journey to court from Division 9 cut into his legs and ankles, yet these Defendants continued to or allowed the continuance of this practice. Such allegations state a colorable claim for relief such that he Defendants must respond to the complaint. *See Payne v. Pauley*, 337 F.3d 767, 779-80 (7th Cir. 2003) (collecting cases that address an excessive force claim based upon the use of handcuffs).

With respect to Defendants Butler and Martinez, however, Plaintiff alleges that they denied his grievances. Such allegations do not state a valid claim. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (only those persons who participate in or cause the constitutional violation may be held liable; denying an inmate's grievance is not a constitutional violation); *see also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[p]ublic officials do not have a free-floating obligation to put things to rights"). Butler and Martinez are thus dismissed from this suit.

The clerk shall issue summonses for service of the complaint on Tom Dart, Daniel Moreci, and Officers Coleman, Crawford, and Price. The United States Marshals Service is appointed to serve these Defendants. Any service forms necessary for Plaintiff to complete service will be sent by the Marshal. The Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, Cook County Jail officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only to effectuate service or to show proof of service should a dispute arise. Documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, he must send an exact copy of any court filing to the Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice. The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may represent himself with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).